Case 7:23-cv-00307 Document 16 Filed on 03/29/24 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
March 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Pamela Anai Carrillo, *Plaintiff*, | § § § § | |
| v. | § § | Civil Action M-23-307 |
| Texas Juvenile Justice Department, Rosy Moreno, John Doe, Jane Doe, and William Khel, *Defendants*. | § § § § § § | |

### MEMORANDUM, ORDER, AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 2. Pending before the court are Defendant Texas Juvenile Justice Department (TJJD) and Defendant Rosy Moreno's Motion to Dismiss, ECF No. 8, and Plaintiff Pamela Anai Carrillo's Motion to Strike the Motion to Dismiss, ECF No. 13, and Motion for Default Judgment, ECF No. 15 at 2. The motion to strike is **DENIED**. The court recommends that the motion for default judgment be **DENIED** and that the motion to dismiss be **GRANTED**.

### *1. Background*

According to Carrillo's Complaint and its attachments, Carrillo first worked for TJJD as a mental health assistant but eventually became a case manager. ECF No. 1 at 5; ECF No. 1-1 at 11. According to the "Record of Employee Disciplinary Action" attached to Carrillo's complaint, TJJD began investigating Carrillo after she witnessed and failed to report a juvenile's sexual misconduct. ECF No. 1-1 at 11. The records attached to Carrillo's

Complaint identify the juvenile as "W.K."¹ *Id.* Carrillo's failure to report the misconduct apparently violated several employee rules of conduct and led to TJJD's decision to terminate Carrillo's employment. *Id.* at 11–12.

Carrillo believes that her employment was wrongfully terminated based on "fabricated" charges and video footage. ECF No. 1 at 5, 9. Carrillo alleges that Defendants subjected her to a "sexually hostile atmosphere" to obtain her resignation or dismissal and that Defendant Rosy Moreno, one of Carrillo's colleagues at TJJD, was the "instigator." *See* ECF No. 1 at 5, 7, 8, 9. Defendants John Doe and Jane Doe (the Doe Defendants) are TJJD supervisors who, along with Moreno, "examined and interrogated" Carrillo about the incident. *Id.* at 13. All the individual defendants were sued in their individual and official capacities. *Id.* at 1.

Carrillo alleges that Moreno acted "in collusion and chain conspiracy with her supervisor(s)" and "entered in agreement to tampering a fabricated footage and record involving a habitual and repeater sex offender and Defendant William Khel, currently confined in the [TJJD] as a child . . . to create the hostility and footage" in order to prevent Carrillo from "reach[ing] her mandatory employment benefits to which [she] is entitled due to her huge curriculum vitae and great professional performance on her job." ECF No. 1 at 10. Carrillo alleges that "Defendant [William] Khel is being used by Defendants Supervisors and Moreno to create a hostile environment to which [Carrillo] has been exposed by Defendants." *Id.* at 11–12. Carrillo also criticizes TJJD's practices and TJJD's treatment of those in its custody. *Id.* at 6–7, 11.

---

¹ This is Defendant William Khel.

Carrillo alleges that:

- Defendants violated Title VII of the Civil Rights Act of 1964 by creating a hostile work environment and a campaign of sexual harassment against Carrillo, *see* ECF No. 1 at 16–18;

- Moreno and the Doe Defendants violated 42 U.S.C. § 1983 and Carrillo's First Amendment rights to be free from libel, slander, and defamation by initiating "a campaign of defamation and libel among the community stating that [Carrillo] sexually assaulted one of the inmates confined in the [TJJD]," *see id.* at 19;

- Defendants violated 42 U.S.C. § 1981 and Carrillo's Fourteenth Amendment rights to due process and equal protection by creating "the hostile sexual harassment environment in clear discriminatory fashion and other [class-based] animus with the premeditated and evil purpose to discharge [Carrillo] without . . . due process and evil [purpose] to deny [Carrillo] of the mandatory financial and housing benefits to which [she] is entitled," *see id.* at 24–25;

- Defendants violated 42 U.S.C. § 1985(3) and Carrillo's Fourteenth Amendment right to equal protection of law by "conspir[ing] to injure [Carrillo] by creating a sexual harassment and discriminatory environment by using a repeater and habitual sex offender . . . William [Khel] . . . as a bait to harass [Carrillo] by performance of sexual assaults by exposure to which [Carrillo] was never aware" and to place Carrillo on unpaid leave without due process, *see id.* at 26–27;

- Moreno and the Doe Defendants violated 42 U.S.C. § 1986 because they "ha[d] power to prevent the hostile sexual harassment environment . . . [but instead induced] the detainees" to commit the sexual assaults, *see id.* at 28.

Attached to Carrillo's Complaint is a "Job Discrimination Complaint" addressed to the Equal Employment Opportunity Commission (the EEOC Complaint). ECF No. 1-1 at 26–29. The EEOC Complaint, dated September 4, 2023, was filed only a week before this lawsuit and mirrors the allegations made in this lawsuit. *See id.* Under a heading titled "Exhaustion of Legal

Remedies," Carrillo acknowledges that "This complaint is a prerequisite required by 42 USC section 2000-e[.]" *Id.* at 26.

TJJD and Moreno have moved to dismiss. ECF No. 8. Carrillo, who is proceeding pro se, has responded to and moved to strike the motion to dismiss, ECF No. 13, and moved for default judgment against Defendants Khel and John and Jane Doe, ECF No. 15 at 2. The court liberally construes pro se pleadings, *see Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019), and the court has carefully considered all of Carrillo's filings.

### *2. Carrillo's Motion to Strike the Motion to Dismiss*

Despite the document's title as a "motion to strike" and reference to Rules 51 and 60 (which relate respectively to "Instructions to the Jury; Objections; Preserving a Claim of Error" and "Relief From a Judgment or Order"), Carrillo's Motion to Strike is, substantively, a response in opposition to the motion to dismiss. Accordingly, the motion to strike, ECF No. 13, is **DENIED**. The court nonetheless considers the allegations within the motion to strike in determining TJJD and Moreno's Motion to Dismiss.

### *3. Carrillo's Motion for Default Judgment*

Carrillo moved for default judgment against Defendants Khel and John and Jane Doe. As a preliminary matter, Carrillo has not shown compliance with Local Rule 5.5, which requires motions for default judgment to "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. L.R. 5.5. As to the merits, Carrillo has not addressed whether default judgment is procedurally appropriate or whether she has a colorable claim and evidence of damages. *See Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020) (stating factors to be considered in determining a motion for default judgment). For the reasons stated in Parts 4–5 below, Carrillo's claims against Khel and the Doe Defendants fail.

Accordingly, the court recommends that the motion for default judgment, ECF No. 15, be **DENIED**.

### *4. TJJD and Moreno's Motion to Dismiss*

The court now turns to TJJD and Moreno's Motion to Dismiss. Because the analysis is the same with respect to Carrillo's claims against both the served and the unserved defendants, the court extends the arguments raised by TJJD and Moreno to the unserved defendants—Khel and John and Jane Doe. *See Armendariz v. Chowaiki*, No. EP-14-CV-451-KC, 2016 WL 8856919, at *19, (W.D. Tex. Mar. 31, 2016) (collecting cases and observing that many courts extend common defenses to the benefit of any unserved or defaulting defendants).

### *A. Carrillo's Title VII Claims Should be Dismissed*

Carrillo alleges that Defendants violated Title VII of the Civil Rights Act of 1964 "by creating a hostile environment of sexual harassment with the evil purpose to force [Carrillo] to constructive[ly] leave her employment." ECF No. 1 at 16 (citing 42 U.S.C. § 2000e-2(a)(1)(2)).

Title VII creates a private cause of action for employment discrimination but requires that plaintiffs first exhaust administrative remedies by "fil[ing] a timely charge with the [Equal Employment Opportunity Commission (EEOC)] and receiv[ing] a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *see also Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018) (citing 42 U.S.C. § 2000e-5(e)(1)). The purpose of such a requirement is to "trigger the investigatory and conciliatory procedures of the EEOC, in attempt to achieve non-judicial resolution of employment discrimination claims." *Davis*, 893 F.3d at 303 (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006)).

5

Carrillo concedes that she has not exhausted her administrative remedies before the EEOC. Carrillo's Complaint explains that she is "currently exhausting all available legal remedies[,] including a[n] EEOC complaint[.]" ECF No. 1 at 16; *see also* ECF No. 1 at 14. Carrillo's EEOC complaint is dated September 4, 2023, and Carrillo filed this lawsuit only one week later on September 11, 2023. ECF No. 1-1 at 29. Carrillo's briefing confirms that she has not exhausted her administrative remedies. She states that "[Carrillo] has not been even called or contacted by" the EEOC. ECF No. 13 at 14. Accordingly, Carrillo has not engaged in the investigatory and conciliatory process with the EEOC or satisfied the administrative exhaustion precondition to bringing suit. Thus, the court recommends that Carrillo's Title VII claims against TJJD be dismissed without prejudice. *See Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 607 (5th Cir. 2007) (citation omitted) (stating that failure to exhaust administrative remedies "usually results in a dismissal without prejudice").

As for Carillo's claims against the individual defendants, "[o]nly 'employers,' not individuals acting in their individual capacity who do not otherwise meet the definition of 'employers,' can be liable under Title VII." *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994). A Title VII claim cannot be brought against both an employer and its employees in their official capacity, as such an action "would subject the employer to double liability, because 'a Title VII suit against an employee is actually a suit against the corporation.'" *Zeng v. Tex. Tech Univ. Health Sci. Ctr. at El Paso*, 836 F. App'x 203, 208 (5th Cir. 2020) (quoting *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)). Accordingly, none of the individual defendants can be held liable under Title VII. Those claims should be dismissed with prejudice.

### *B. All Claims Against TJJD and all Official-Capacity Claims are Barred by Eleventh Amendment Sovereign Immunity*

TJJD is an arm of the State of Texas and is generally entitled to Eleventh Amendment sovereign immunity. *See Jones v. Tex. Juv. Just. Dep't*, 646 F. App'x 374, 376 (5th Cir. 2016) ("We agree that the Eleventh Amendment bars all of Jones's claims against TJJD."); *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. Nov. 6, 1996) ("Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985 . . . [and] under Texas state law, the Texas Tort Claims Act does not waive sovereign immunity for intentional torts, such as defamation."); *Early v. S. Univ. & Agr. & Mech. Coll. Bd. of Sup'rs*, 252 F. App'x 698, 700 (5th Cir. 2007) (concluding that Eleventh Amendment sovereign immunity barred claims under §§ 1981, 1985, and 1986).

Absent consent to suit, waiver of immunity by the state, or congressional abrogation of sovereign immunity, the "Eleventh Amendment bars federal lawsuits by a U.S. citizen against a state or against a state agency or department." *Fortenberry v. Bd. of Pardons & Parole*, Civil Action No. 7:15-CV-167-O, 2018 WL 9739270, at *1 (N.D. Tex. Sept. 28, 2018) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Neuwirth v. La. State Bd. of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988)); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. Const. Amend. XI). "Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred . . . can be dismissed only under [Federal rule of Civil Procedure] 12(b)(1) and [without] prejudice." *Duhon v. Healthcare Pros.' Found. of La.*, No. 20-2022, 2022 WL 317302, at *4 (E.D. La. Feb. 2, 2022) (quoting *Warnock v. Pecos Cnty*, 88 F.3d 341, 343 (5th Cir. 1996)).

Here, Carrillo has not shown TJJD's consent to suit, a waiver of immunity by the State of Texas, or congressional abrogation of sovereign immunity with respect to any of the remaining causes of action. Therefore, Carrillo's claims under §§ 1983, 1981, 1985(3), and 1986 against TJJD are barred by Eleventh Amendment sovereign immunity, and the court recommends that these claims be dismissed without prejudice.

As for Carrillo's official-capacity claims, "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents," so the Eleventh Amendment's sovereign immunity bar "remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)) (citing *Cory v. White*, 457 U.S. 85, 90 (1982)). There is one exception, however. The *Ex parte Young* exception to immunity requires that the lawsuit: "(1) be brought against state officers who are acting in their official capacities; (2) seek prospective relief to redress ongoing conduct; and (3) allege a violation of federal, not state, law." *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020) (citation omitted).

Here, Carrillo's claims all arise from Defendants' past conduct against her leading up to her termination. Carrillo's claims do not seek prospective relief to redress ongoing conduct, so the *Ex parte Young* exception is inapplicable. The court recommends that all of Carrillo's official-capacity claims be dismissed without prejudice.

### C. All Individual-Capacity Claims are Barred by Qualified Immunity

The doctrine of qualified immunity provides that a state official performing discretionary functions may be shielded from incurring individual liability for civil damages, so long as the official has not violated clearly established federal law. *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 818 (1982); *Price v. Brittain*, 874 F.2d 252, 260 (5th Cir. 1989). When qualified immunity is raised, "the plaintiff bears the burden of pleading facts that demonstrate liability and defeat immunity." *Shaw v. Villanueva*, 918 F.3d 414, 417 (5th Cir. 2019). The plaintiff must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Id.* (quoting *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013)).

Carrillo asserts in her complaint that Defendants "are not entitled to qualified immunity since . . . [Carrillo's] rights are clear established and Defendants are the orchestrated of the alleged sexual assault and dismissal, slandering, libel and defamation of [Carrillo's] reputation." ECF No. 1 at 20. The factual allegations and legal arguments within all of Carrillo's filings are equally vague and conclusory. *See* ECF No. 13 at 24 ("Defendants are not entitled to qualified immunity under any provision of the civil rights act, for their deliberate fabricated evidence that would be disclosed on discovery."); ECF No. 15 at 11 ("Defendants are not entitled to qualified immunity nor to absolute immunity. Instead, [Defendants] are liable for every claim on this prima facie case presented herein.").

Carrillo repeatedly argues that Defendants are not entitled to qualified immunity but fails to allege the particular facts and legal bases supporting her claim. Carrillo has not shown that her rights were violated under "clearly established" law because she did not "point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Morgan v. Swanson*, 659 F.3d 359, 371–72 (5th Cir. 2001). Carrillo only vaguely states that her clearly established rights were violated and does not actually identify the clearly established right. In the absence of adequate authority specifically prohibiting Defendants' conduct,

the law cannot be said to be clearly established. *Morgan*, 659 F.3d at 371–72. (citing *Wilson v. Layne*, 526 U.S. 603, 617–18 (1999)).

Even the basic facts surrounding Carrillo's claims are deficiently stated. Carrillo frequently states that Defendants initiated a "harassment campaign" and accuses Defendants of slander and libel. However, Carrillo does not state the actual actions and statements constituting slander or libel, or state when the conduct occurred, who the statements were made to, or what conduct constituted the "harassment campaign" against her. On the facts alleged, the court cannot discern the contours of Carrillo's claims, much less conclude that Carrillo has shown the violation of a clearly established statutory or constitutional federal right. Accordingly, the court recommends that Carrillo's claims against Defendants Rosy Moreno, John Doe, and Jane Doe in their individual capacities be dismissed with prejudice.

### 5. *Dismissal of Claims Against Khel*

Carrillo failed to properly state a claim against Khel. It appears that Khel was a juvenile in TJJD's custody. As discussed, Carrillo's allegations are vague, conclusory, and devoid of concrete supporting facts. Carrillo complains in generalities about Defendants' campaign against her, the creation of a hostile work environment, and Defendants' violation of her rights. *See, e.g.*, ECF No. 1 at 16–18, 24–28. Carrillo makes outlandish allegations that fail to support her legal claims for relief. For example, Carrillo repeatedly refers to Khel as a "sexual slave," ECF No. 13 at 15; ECF No. 15 at 1 n.1, 8, or "State property," ECF No. 1 at 21; ECF No. 13 at 2; ECF No. 15 at 2, and states that Khel was "used as a bait," ECF No. 1 at 8, 25, 26, to harass Carrillo and obtain her dismissal or resignation. Such facts, and all other facts alleged throughout Carrillo's filings, do not state a plausible claim for relief against Khel. In fact, Carrillo's allegations suggest that Khel was used by the other defendants, and not that Khel acted against

Carrillo. The court recommends that Carrillo's claims against Khel be dismissed with prejudice.

### *6. Denial of Leave to Amend*

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, she "must give the court at least some notice of what . . . her amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted). The court may deny leave "[i]f the plaintiff does not provide a copy of the amended complaint [or] explain how the defects could be cured[.]" *Id.* (citation omitted). The court may also deny leave to amend when amendment would be futile or when the plaintiff chooses to stand on her complaint and argues that it satisfies the pleading requirements. *See Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir. 2021) (affirming the district court's denial of leave to amend when the plaintiff chose to stand on his complaint and argued that it satisfied the pleading requirements); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (discussing futility of amendment as justification for denying leave to amend).

Here, Carrillo knew at the outset that Defendants would raise immunity from suit. *See* ECF No. 1 at 18 ("Defendants are not entitled to qualified nor to absolute immunity in this matter since [Carrillo's] Federal statutory rights are clear[ly] established."). Moreover, Carrillo has filed a total of eighty-six pages in support of her claims. *See* ECF Nos. 1, 9, 13, 15. Her filings in response to the motion to dismiss do not show that Carrillo can overcome the deficiencies the Defendants have identified. Nor does Carrillo ask for leave to amend. Granting leave

to amend, therefore, would be futile, and the court declines to do so.

### 7. Conclusion

For the foregoing reasons, Carrillo's Motion to Strike, ECF No. 13, is **DENIED**, and the court recommends that Carrillo's Motion for Default Judgment, ECF No. 15 at 2, be **DENIED**. The court recommends that TJJD and Moreno's Motion to Dismiss, ECF No. 8, be **GRANTED**, and that:

- Carrillo's Title VII claims against TJJD be dismissed without prejudice and Carrillo's Title VII claims against Moreno, the Doe Defendants, and Khel be dismissed with prejudice;
- Carrillo's §§ 1983, 1981, 1985(3), and 1986 claims against TJJD, Moreno, and the Doe Defendants in their official capacities be dismissed without prejudice;
- Carrillo's claims against Moreno and the Doe Defendants in their individual capacities be dismissed with prejudice; and
- Carrillo's claims against Khel be dismissed with prejudice.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. See *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on March 29, 2024.

_____
Peter Bray
United States Magistrate Judge